IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FERDINAND REYNOLDS, | ) |
| | ) 2:95-cv-1451-GEB-DAD |
| Plaintiff, | ) |
| | ) |
| v. | ) ORDER |
| | ) |
| THEODORE WHITE, Warden; IVALEE | ) |
| HENRY; and STANLEY WANG, | ) |
| | ) |
| Defendants. | ) |
| | ) |

An evidentiary hearing was conducted in this action on August 6, 2007, on the issue whether Plaintiff Ferdinand Reynolds's waiver of his right to a jury trial was conditional upon the bench trial being held before the magistrate judge.

Reynolds testified at the August 6 hearing that his jury trial waiver, which was made through his then attorney James J. Falcone, was so conditioned. Reynolds supported his position with a letter he received from his attorney dated November 8, 1999, in which Falcone informed Reynolds of his two options if he were to waive a jury trial: "try the case in front of [Judge] Burrell, or before Magistrate [Judge] Drozd." But, Reynolds's testimony was contradicted by Falcone's testimony, by the excerpt of the trial proceeding during

1

which Reynolds contends he tried to tell Judge Burrell about his conditional waiver of a jury, and by Reynolds's own statements during the August 6 evidentiary hearing where he failed to explain why he did not tell Judge Burrell about the alleged conditional waiver.

Falcone's testimony reveals that Reynolds's waiver was not conditional on the magistrate judge being the trial judge.  Further, the Attorney General did not consent to a trial before the magistrate judge.

Additionally, the partial trial transcript evidences that when Reynolds tried to speak to Judge Burrell at trial, it was when Falcone was making an argument against Defendants' motion under Rule 50(a) of the Federal Rules of Civil Procedure.  Reynolds argued at the August 6 hearing that he did try to get Falcone to tell Judge Burrell about the conditional waiver, but Falcone did not respond.  When Reynolds was asked at the evidentiary hearing why he did not ask Falcone a second time to tell Judge Burrell about the waiver, Reynolds stated that he was too depressed to say anything again because of his bipolar disorder.  His testimony is disbelieved.

Therefore, Reynolds's waiver of a jury trial was not conditioned on a bench trial being held before the magistrate judge. Accordingly, the jury trial set to commence on September 18, 2007 is vacated.

IT IS SO ORDERED.

Dated:  August 14, 2007

GARLAND E. BURRELL, JR.
United States District Judge