IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FERDINAND REYNOLDS,<br><br>            Plaintiff,<br><br>   v.<br><br>THEODORE WHITE, Warden; IVALEE HENRY; and STANLEY WANG,<br><br>            Defendants. | 2:95-cv-1451-GEB-DAD<br><br><u>ORDER</u> |

        On November 29, 2006, the Ninth Circuit remanded this action for an evidentiary hearing "on the issue of whether [Plaintiff Ferdinand Reynolds ("Reynolds")] conditioned his waiver of a jury trial on a bench trial before the magistrate judge." (Order, Nov. 29, 2006, at 2.)  The April 14, 2004 Order remanding the action stated:

> [B]ecause an attorney cannot waive the client's right to a jury trial without the client's consent, and such consent can be conditioned (such as on trial by a magistrate judge rather than a district judge), Reynolds' assertion that his consent was so conditioned, his contemporaneous letter to the district judge mentioning a magistrate trial, and the trial judge's refusal to allow him to address the court, raise a factual

issue whether there was actual consent to the waiver of Reynolds' right to a jury trial.[1]

An evidentiary hearing was held on August 6, 2007, and an order issued on August 14, 2007 finding that Reynolds's waiver of a jury trial was not conditioned on a bench trial being held before the magistrate judge.

Reynolds moves for reconsideration of the August 14 Order and requests that a new evidentiary hearing be scheduled. Attached to Reynolds's motion is a March 16, 2001 letter from Plaintiff's trial attorney James J. Falcone ("Falcone") to Plaintiff, in which Falcone states: "When we spoke after the trial we discussed the misunderstanding concerning having a jury trial with [Judge] Burrell or a bench trial with [Magistrate Judge] Drozd." Reynolds argues that counsel should have been appointed to assist him at the August 6 evidentiary hearing, and that said counsel "could have successfully presented and argued during the hearing [that Falcone] admitted in writing . . . that [Reynolds] bugged him during the entire course of [the] bench trial about why [Reynolds's] case wasn't being heard before a jury or before Judge Drozd."[2] Reynolds contends the "letter was not presented during the [August 6, 2007] evidentiary hearing by [Reynolds] based on his lack of legal skills and battle with Bipolar

---

[1] Other than Reynolds's motion for a new trial filed March 19, 2001, the court is unaware of a "contemporaneous letter to the district judge mentioning a magistrate trial" or any other communication between Reynolds and/or his then attorney and the court on this issue besides Reynolds's then attorney's unconditional stipulation to waive a jury trial.

[2] The undersigned district judge referenced to the assigned magistrate judge "[t]he matter of trying to find a lawyer for the limited purpose of representing Reynolds at the evidentiary hearing." (Dec. 18, 2006 Order at 2.) Although numerous attempts were made, no lawyer could be found.

2

disorder." These reasons have not been shown sufficient to excuse Reynolds's failure to have presented this letter at the August 6 evidentiary hearing. Reynolds certainly showed sufficient skill to present the letter following the hearing and nothing about Reynolds's demeanor during the hearing indicated he suffered from any mental illness. Further, the letter does not support Reynolds's contention that the misunderstanding between him and Falcone existed during the trial. The letter references a "misunderstanding" that Reynolds and Falcone discussed "after trial."

The August 14 Order found that Reynolds's testimony at the August 6 hearing "was contradicted by Falcone's testimony, by the excerpt of the trial proceeding during which Reynolds contends he tried to tell Judge Burrell about his conditional waiver of a jury, and by Reynolds's own statements during the August 6 evidentiary hearing where he failed to explain why he did not tell Judge Burrell about the alleged conditional waiver." The August 14 Order stated:

> [T]he partial trial transcript evidences that when Reynolds tried to speak to Judge Burrell at trial, it was when Falcone was making an argument against Defendants' motion under Rule 50(a) of the Federal Rules of Civil Procedure. Reynolds argued at the August 6 hearing that he did try to get Falcone to tell Judge Burrell about the conditional waiver, but Falcone did not respond. When Reynolds was asked at the evidentiary hearing why he did not ask Falcone a second time to tell Judge Burrell about the waiver, Reynolds stated that he was too depressed to say anything again because of his bipolar disorder. His testimony is disbelieved.

Because Reynolds still has not shown why he did not tell Judge Burrell about the alleged conditional waiver and/or why he did not ask Falcone a second time to tell Judge Burrell about the waiver, and since Reynolds has not shown that he was entitled to have counsel appointed to represent him at the evidentiary hearing or that the outcome of the

3

1  evidentiary hearing would have been different had counsel been
2  appointed, Reynolds's motion for reconsideration is denied.[3]
3       IT IS SO ORDERED.
4  Dated:   November 19, 2007
5                                      _____
                                       GARLAND E. BURRELL, JR.
6                                      United States District Judge

---

[3] The court's questioning regarding why Reynolds did not ask Falcone a second time to tell the court about the waiver does not constitute a finding that Reynolds asked Falcone a *first* time to tell the court about the waiver.

4